```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY            :
COMMISSION,                             :       CIVIL ACTION NUMBER
                                        :
        Plaintiff,                      :
                                        :
        v.                              :       COMPLAINT
                                        :
                                        :       JURY TRIAL DEMANDED
                                        :
TOWN OF CLARENCE, CLARENCE              :
CENTER FIRE PROTECTION,                 :
DISTRICT, CLARENCE CENTER               :
VOLUNTEER FIRE COMPANY, INC.,           :
HARRIS HILL FIRE PROTECTION             :
DISTRICT, HARRIS HILL VOLUNTEER         :
FIRE COMPANY, INC., EAST AMHERST        :
FIRE PROTECTION DISTRICT,               :
EAST AMHERST VOLUNTEER FIRE             :
COMPANY, INC., SWORMVILLE               :
FIRE PROTECTION DISTRICT                :
AND SWORMVILLE VOLUNTEER FIRE           :
COMPANY, INC.,                          :
                                        :
        Defendants.                     :
-------------------------------------------------------------x
```

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621 *et seq* to correct unlawful employment practices on the basis of age and to provide appropriate relief to Charging Parties: Dominic Commisso, Glen Kelkenberg, Earl Norris, Kenneth Thompson, Arthur Lovell, Charles Mercurio, Melvin Spoth, John Moulin, Harold Wagner, Walter Krafft, Germain Krafft, Christopher Mercio, Jr., Ronald Shrewsbury, Edward McGrew, Jr., Richard Aquino, John Veneski, Richard Herberger, Donald Daigler, Sr., Daniel Herberger, James Grady, Walter Schott, Joseph Rappa, Richard Smith and other similarly situated employees of Defendants Clarence Center Fire Protection District, Clarence Center

Volunteer Fire Company, Inc., Harris Hill Fire Protection District, Harris Hill Volunteer Fire Company, Inc., East Amherst Fire Protection District, East Amherst Volunteer Fire Department, Inc., Swormville Fire Protection District and Swormville Volunteer Fire Company, Inc., (hereinafter the "Volunteer Fire Companies" or "VFCs"), or in the case of deceased individuals, to the individual's beneficiaries, heirs, estates or others who would receive or inherit an interest under applicable survivorship laws or proceedings.

EEOC alleges that Defendants refused to allow East Amherst, Clarence, Swormville and Harris Hill volunteer firefighters to accrue credit towards a "length of service award benefit" once they reached entitlement age in Defendants' respective Length of Service Award Programs ("LOSAPs") because of their age.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Section 16(c) of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. § 216(c), and Section 17 of the FLSA, 29 U.S.C. §217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of New York.

## PARTIES

3. Plaintiff, EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. §626(b), as amended by Section 2 of

Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Town of Clarence has continuously been a political subdivision of the State of New York, located in Erie County, New York and thus has continuously been an agency or instrumentality of the State of New York.

5. At all relevant times, Defendant Town of Clarence has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

6. At all relevant times, Defendant Town of Clarence has continuously been doing business in the State of New York and the County of Erie, and has continuously collectively had at least 20 employees.

7. At all relevant times, Defendant Town of Clarence has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§630(b), (g) and (h).

8. At all relevant times Defendant Town of Clarence has continuously been the Administrator for the LOSAPs for each of the Defendant VFCs.

9. At all relevant times, Defendant Clarence Center Fire Protection District has continuously been a political subdivision of the State of New York, located in Erie County, New York and thus has continuously been an agency or instrumentality of the State of New York.

10. At all relevant times, Defendant Clarence Center Fire Protection District has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

11. At all relevant times, Defendant Clarence Center Fire Protection District has continuously been doing business in the State of New York and the County of Erie, and has continuously collectively had at least 20 employees.

12. At all relevant times, Defendant Clarence Center Fire Protection District has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§630(b), (g) and (h).

13. At all relevant times, Defendant Clarence Center Volunteer Fire Company, Inc., has continuously provided fire services to Defendant Clarence Fire Protection District and thus has continuously been an agency or instrumentality of the State of New York.

14. At all relevant times, Defendant Clarence Center Volunteer Fire Company, Inc., has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

15. At all relevant times, Defendant Clarence Center Volunteer Fire Company, Inc., has continuously been doing business in the State of New York and the County of Erie, and has continuously collectively had at least 20 employees.

16. At all relevant times, Defendant Clarence Center Fire Volunteer Fire Company, Inc., has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§630(b), (g) and (h).

17. At all relevant times, Defendant Harris Hill Fire Protection District has continuously been a political subdivision of the State of New York, located in Erie County, New York and thus has continuously been an agency or instrumentality of the State of New York.

18. At all relevant times, Defendant Harris Hill Fire Protection District has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

19. At all relevant times, Defendant Harris Hill Fire Protection District has continuously been doing business in the State of New York and the County of Erie, and has continuously collectively had at least 20 employees.

20. At all relevant times, Defendant Harris Hill Fire Protection District has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§630(b), (g) and (h).

21. At all relevant times, Defendant Harris Hill Volunteer Fire Company, Inc. has continuously provided fire services to Defendant Harris Hill Fire Protection District and thus has continuously been an agency or instrumentality of the State of New York.

22. At all relevant times, Defendant Harris Hill Volunteer Fire Company, Inc. has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

23. At all relevant times, Defendant Harris Hill Volunteer Fire Company, Inc. has continuously been doing business in the State of New York and the County of Erie, and has continuously collectively had at least 20 employees.

24. At all relevant times, Defendant Harris Hill Volunteer Fire Company, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§630(b), (g) and (h).

25. At all relevant times, Defendant East Amherst Fire Protection District has continuously been a political subdivision of the State of New York, located in Erie County, New York and thus has continuously been an agency or instrumentality of the State of New York.

26. At all relevant times, Defendant East Amherst Fire Protection District has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

27. At all relevant times, Defendant East Amherst Fire Protection District has continuously been doing business in the State of New York and the County of Erie, and has continuously collectively had at least 20 employees.

28. At all relevant times, Defendant East Amherst Fire Protection District has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§630(b), (g) and (h).

29. At all relevant times, Defendant East Amherst Volunteer Fire Department, Inc. has continuously provided fire services to Defendant East Amherst Fire Protection District and thus has continuously been an agency or instrumentality of the State of New York.

30. At all relevant times, Defendant East Amherst Volunteer Fire Department, Inc. has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

31. At all relevant times, Defendant East Amherst Volunteer Fire Department, Inc. has continuously been doing business in the State of New York and the County of Erie, and has continuously collectively had at least 20 employees.

32. At all relevant times, Defendant East Amherst Volunteer Fire Department, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§630(b), (g) and (h).

33. At all relevant times, Defendant Swormville Fire Protection District has continuously been a political subdivision of the State of New York, located in Erie County, New York and thus has continuously been an agency or instrumentality of the State of New York.

34. At all relevant times, Defendant Swormville Fire Protection District has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

35. At all relevant times, Defendant Swormville Fire Protection District has continuously been doing business in the State of New York and the County of Erie, and has continuously collectively had at least 20 employees.

36. At all relevant times, Defendant Swormville Fire Protection District has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§630(b), (g) and (h).

37. At all relevant times, Defendant Swormville Volunteer Fire Company, Inc. has continuously provided fire services to Defendant Swormville Fire Protection District and thus has continuously been an agency or instrumentality of the State of New York.

38. At all relevant times, Defendant Swormville Volunteer Fire Company, Inc. has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

39.     At all relevant times, Defendant Swormville Volunteer Fire Company, Inc. has continuously been doing business in the State of New York and the County of Erie, and has continuously collectively had at least 20 employees.

40.     At all relevant times, Defendant Swormville Volunteer Fire Company, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§630(b), (g) and (h).

## CONCILIATION

41.     Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

## STATEMENT OF CLAIMS

42.     Since at least October 16, 1992 (the effective date of the Older Workers' Benefit & Protection Act – "OWBPA"), and continuing since, Defendants have engaged in unlawful employment practices in violation of Section 4(a) of the ADEA, 29 U.S.C. §623(a).

43.     Pursuant to New York State law, fire districts may establish a LOSAP in which volunteer firefighters earn "service award credit" toward a "service award," a benefit payable when firefighters retire or reach the age of entitlement under the LOSAP. New York General Municipal Law §§214-219A.

44.     A LOSAP can only be adopted, amended, and/or terminated by a referendum of the voters of each community covered by the fire district.

45.     Prior to January 1992, the voters of the Town of Clarence, Harris Hill, East Amherst and Swormville approved a referendum adopting a LOSAP for each of their VFCs.

8

46. Since at least January 1992 through December 2001, the entitlement age for the East Amherst LOSAP was age 62.

47. On or around January 2002, the entitlement age for the East Amherst LOSAP was changed to age 55.

48. Since at least January 1992, and continuing through at least December 31, 2001, East Amherst volunteer firefighters age 62 and older, including but not limited to the Charging Parties, could not earn additional service award credits, because of their age, in violation of the Section 4(a) of the ADEA, 29 U.S.C. §§623(a.) and 623(i).

49. Since at least January 2002, and continuing through December 31, 2005, East Amherst volunteer firefighters age 55 and older, including but not limited to the Charging Parties, could not earn additional service award credits, because of their age, in violation of the Section 4(a) of the ADEA, 29 U.S.C. §§623(a.) and 623(i).

50. Since at least January 1992 through the present, the entitlement age for the Clarence, Swormville and Harris Hill LOSAPs has been age 62.

51. Since at least January 1992 and December 31, 2005, volunteer firefighters in the Clarence, Swormville and Harris Hill VFCs age 62 and older, including but not limited to the Charging Parties and additional Claimants, could not earn additional years of firefighting service, because of their age in violation of Section 4(a) of the ADEA, 29 U.S.C. §§623(a.) and 623(i).

52. Effective January 1, 2006, Defendants amended each of their respective LOSAPs to allow firefighters to earn additional years of service award credit without regard to age. However, Defendants did not credit those firefighters who had reached the age of entitlement prior to January 1, 2006 with the years of fire service they had not received because of their age, in violation of Section 4(a) of the ADEA, 29 U.S.C. §§623(a.) and 623(i).

53. The effect of the practices complained of in paragraphs 42 through 52 above has been to deprive Charging Parties and other similarly situated older individuals of equal employment opportunities and otherwise adversely affect their eligibility to receive employee benefits because of their age.

54. The unlawful employment practices complained of in paragraphs 42 through 52 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

## **PRAYER FOR RELIEF**

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from discriminating against firefighters age 55 and older in East Amherst and 62 and over in Clarence, Swormville and Harris Hill on the basis of age, and any other employment practice which discriminates on the basis of age.

B. Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities and benefits for older individuals, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to institute and carry out equal employment opportunity training with a specific emphasis on the ADEA, age discrimination policies and the rights of older workers.

D. Order Defendants to provide back pay and increased LOSAP monthly payment amounts for each aggrieved firefighter with damages who is still living, starting in January 1992, consistent with the revised entitlement years in an amount to be determined at trial.

  E. Order Defendants to provide back pay and increased LOSAP monthly payment amounts to the families of any deceased aggrieved firefighters with damages consistent with the revised entitlement years starting in January 1992.

  F. Grant a judgment requiring the Defendants to award firefighters affected by Defendant's illegal policies credit toward a service award in an amount to be determined at trial.

  G. Grant a Judgment requiring the Defendants to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to service award credit resulting in back pay and increased monthly payments to the Charging Parties and all other similarly situated volunteer fire fighters.

  H. Grant a judgment requiring the Defendants to pay an appropriate service award in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest, to volunteer firefighters whose service awards were reduced as a result of the acts complained of above.

  I. Grant such further relief as the Court deems necessary and proper in the public interest.

  J. Award the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: March 30, 2011
          New York, New York

Respectfully submitted,

P. David Lopez
General Counsel

James Lee
Deputy General Counsel

Gwendolyn Reams
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507


Judy Keenan,
Acting Regional Attorney,
New York District Office
E-Mail Address:  judy.keenan@eeoc.gov


Nora E. Curtin,
Supervisory Trial Attorney
New York District Office
E-mail Address: nora.curtin@eeoc.gov

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
33 Whitehall Street, 5th Floor
New York, New York 10004


/s/ Judith A. Biltekoff
Judith A. Biltekoff
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Buffalo Local Office
6 Fountain Plaza Suite 350
Buffalo, New York 14203
Telephone No.: 716-551-3356
E-mail Address:  judith.biltekoff@eeoc.gov